UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ANNE BRYANT,

               *Plaintiff,*

    *-against-*

AMERICAN FEDERATION OF
MUSICIANS OF THE US AND CANADA
& SCREEN ACTORS GUILD,

            *Defendants.*

---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-18-15

14 Civ. 2598 (PAC) (HBP)

**OPINION & ORDER
ADOPTING REPORT &
RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Plaintiff Anne Bryant, a composer and songwriter, sues her union representatives

Defendants American Federation of Musicians of the US and Canada ("AFM") and Screen

Actors Guild ("SAG"). She seeks pre-suit discovery, pursuant to Fed. R. Civ. P. 27 and

NY CPLR § 3102(c), of thousands of recording contracts that she asserts were improperly

credited to others, depriving her of millions of dollars in income and pension benefits. As an

alternative to compelling production of the recording contracts, she alleges that by failing to

preserve the materials, Defendants breached their fiduciary duties to her. Compl. ¶¶ 1, 20.

Defendants move to dismiss the complaint as untimely and for failing to state a claim.

In a thorough Report & Recommendation ("R&R"), dated June 2, 2015, Magistrate Judge

Michael H. Dolinger recommends denial of the petition for pre-suit discovery and dismissal of

all claims, with prejudice, as untimely.[1] The Court agrees and ADOPTS the R&R in full and

GRANTS Defendants' motion to dismiss. Plaintiff wrote to the Court on October 21, 2015

---

[1] On September 28, 2015, the case was reassigned to Magistrate Judge Henry B. Pitman.

1

seeking an order to compel pre-suit discovery of a subset of the recording contracts or leave to amend the complaint. Dkt. 33. Those motions are DENIED.

## BACKGROUND[2]

Plaintiff commenced this action on April 1, 2014. She alleges that she has "arranged, orchestrated, conducted, performed vocally and produced thousands of Master Recordings in New York, Chicago, Los Angeles, Nashville and London." Compl. ¶ 7. She composed many television theme songs and commercial jingles dating back to the 1980s. *Id.* ¶¶ 4, 7. Indeed, there are more than two thousand recording session performance contracts for themes, songs, and jingles that allegedly had been in the possession of Plaintiff's union representative at the Local 802 AFM branch ("Local 802"). *Id.* ¶ 14. Plaintiff has been seeking those contracts for over a decade in an apparent attempt to substantiate allegations in an underlying dispute with her former business partner Ford Kinder and his wife. Plaintiff claims that the Kinders filed falsified documents in the 1980s and 1990s on behalf of the business that had the effect of depriving Plaintiff of millions of dollars in income and pension benefits. *Id.* ¶¶ 2, 18, 20; Ex. 10, 11.[3]

Plaintiff alleges that in the summer of 2013, Local 802 informed her that they were no longer in possession of the recording contracts. *Id.* ¶ 14. She maintains that Defendants in fact still possess the recording contracts, as they continued to make residual payments to musicians under some of the contracts over the last two years, which would not be possible without the contracts. *Id.* ¶¶ 16, 17.

---

[2] The following background facts are drawn from Plaintiff's complaint, which the Court assumes to be true for purposes of this motion.

[3] Plaintiff has brought has brought actions against the Kinders in state and federal court. *See Bryant v. Kinder*, 204 A.D.2d 377 (2d Dep't 1994); *Bryant v. Kinder*, No. 15 cv 6637 (JGK) (S.D.N.Y. 2014). The federal action for breach of contract and fraud was dismissed for lack of subject matter jurisdiction. 2014 WL 4958077 (S.D.N.Y. Oct. 3, 2014).

The R&R recommends denial of the request for pre-suit discovery and dismissal of all claims. Dkt. 30. Pre-suit discovery is unavailable because Plaintiff does not adequately describe the federal-court lawsuit that she cannot currently bring, absent the discovery or the urgency to obtain the documents outside the usual discovery procedures. *Id.* at 17-22. The Magistrate Judge also determined that a breach of fiduciary duty claim against Defendants is only cognizable as a claim for denial of fair representation, which is subject to a six-month statute of limitations. *Id.* at 22-23. Since Plaintiff brought this action nearly a year after she was on notice that Defendants claimed they did not have the recording contracts, the R&R recommends dismissal with prejudice. *Id.* at 36.

Plaintiff objects to the R&R. Dkt. 31. She reiterates her arguments that pre-suit discovery is proper because the recording contracts contain names of people who were improperly accredited for her songs, and such names are necessary for her to pursue the underlying claims for unpaid income and pension benefits. *Id.* at 3-4. She asserts that the recording contracts are subject to spoliation because Defendants destroyed them in bad faith. *Id.* at 7. She also argues that the R&R incorrectly analyzes her claims as claims for breach of the duty of fair representation. *Id.* at 6. Plaintiff acknowledges that she discovered her alleged injury in April 2013, but asserts that her claims are timely since they are subject to a two-year limitations period for fraud claims. *Id.* at 3, 9-10.

On October 21, 2015, Plaintiff submitted a letter to the Court. Dkt. 33. Plaintiff states that she has identified a list of about 200 recording contracts that may contain adequate information to allow her to determine the individuals that are improperly receiving her pension benefits. *Id.* at 2. She seeks an order from the Court compelling production of those contracts. *Id.* In the alternative, Plaintiff seeks leave to amend the complaint to add additional claims and

defendants. *Id.* at 3.

## DISCUSSION

### I.    Standard of Review

The Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections are

made, the Court reviews the R&R for clear error. *Terio v. Michaud*, No. 10 cv 4276 (CS), 2011

WL 2610627, at *1 (S.D.N.Y. June 27, 2011). If a party objects, the Court conducts a *de novo*

review of the R&R's contested portions. *See Idlisan v. Mount Sinai Medical Center*, No. 12 Civ.

8935 (PAC) (RLE), 2015 WL 136012, at * 2 (S.D.N.Y. Jan. 9, 2015). "If, however, the party

makes only conclusory or general objections, or simply reiterates his original arguments, the

Court reviews the Report and Recommendation only for clear error." *Silva v. Peninsula Hotel*,

509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (internal quotation marks omitted). When objections

are made by a *pro se* litigant, the Court construes the objections in their most favorable light.

*See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

### II.    Pre-Suit Discovery

Plaintiff seeks pre-suit production of the recording contracts pursuant to state and federal

procedures. New York's CPLR § 3102(c), provides that "[b]efore an action is commenced,

disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be

obtained, but only by court order." New York State's procedure is inapplicable here, however,

because the Federal Rules of Civil Procedure govern discovery in the federal courts. *See Luethke*

*v. Seagram Co., Ltd.*, No. 00 cv 7946 (DC), 2000 WL 1880324, at *3 (S.D.N.Y. Dec. 28, 2000).

Federal Rule of Civil Procedure 27 is used to "perpetuate testimony" prior to commencing an

4

action.[4] "[T]he purpose of [Rule 27] is to preserve and perpetuate known testimony, not to provide litigants with a vehicle for the ascertainment of evidence." *Shuster v. Prudential Sec. Inc.*, No. 91 cv 901 (RWS), 1991 WL 102500, at *1 (S.D.N.Y. June 6, 1991). "It is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted." *Id.* Plaintiff's attempted use of Rule 27 "to accurately commence Arbitration and/or Litigation Proceedings against responsible parties," Compl. ¶ 20, is therefore improper. Further, Plaintiff fails to demonstrate, as she must, a substantial danger that evidence currently in existence may become unavailable absent Rule 27 discovery. *See Jackson v. Good Shepherd Servs.*, 683 F. Supp. 2d 290, 293 (S.D.N.Y. 2009). Plaintiff's motion for pre-suit discovery is denied.

## III.   Breach of Fiduciary Duties

Plaintiff alleges a breach of fiduciary duties premised on Defendants' alleged failure to retain the recording contracts and to seek proper pension payments on Plaintiff's behalf. Compl. ¶¶ 14, 20. Plaintiff objects to the R&R's characterization of those claims as claims for breach of a union's duty of fair representation. *See* Dkt. 31 at 6.

The objection is not well taken. The National Labor Relations Act imposes a federal "duty of fair representation on unions to act on behalf of their members 'without hostility or discrimination . . . [in] complete good faith and honesty . . . to avoid arbitrary conduct.'" *Fenn v. Verizon Comm., Inc.*, No. 08 cv 2348 (PGG), 2010 WL 908918, at *6 (S.D.N.Y. Mar. 15, 2010) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). "A state law claim is subsumed by the duty

---

[4] In order to prevail on a Rule 27 petition, the moving party must satisfy three elements: (i) she must provide a focused explanation of what she anticipates any testimony would demonstrate; (ii) she must establish in good faith that she expects to bring an action cognizable in federal court, but is presently unable to bring it; and (iii) she must make an objection showing that without Rule 27 relief, known testimony would be lost, concealed or destroyed. *In re Petition of Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005).

5

of fair representation—and thus preempted—if it imposes an obligation on the union already imposed by the duty of fair representation." *Walsh v. Int'l Broth. Of Elec. Workers Local 503*, 62 F. Supp. 3d 300, 303 (S.D.N.Y. 2014). Plaintiff's state law claims for breach of fiduciary duty—premised on allegations of bad faith in maintaining Plaintiff's recording contracts and inadequately representing her interests as a union member—are subsumed by the duty of fair representation. *See id.* (claim for breach of fiduciary duty is preempted by the duty of fair representation); *see also Oliva v. Wine, Liquor & Distillery Workers Union, Local One*, 651 F. Supp. 369, 371 (S.D.N.Y. 1987) (claim based on allegations of union's "bad faith representations" and resultant breach of fiduciary duty is simply a "recharacterization" of federal duty of fair representation).

Fair representation claims are governed by a six-month statute of limitations, running from when Plaintiff knew or reasonably should have known that a breach of the duty of fair representation had occurred. *Cohen v. Flushing Hosp. and Medical Center*, 68 F.3d 64, 67 (2d Cir. 1995). Contrary to Plaintiff's argument, that limitations period applies whether the claims are brought before a district court or the NLRB. *See DelCostello v. Int'l Broth. Of Teamsters*, 462 U.S. 151, 169 (1983). Plaintiff concedes that her claims run from April 2013, and this accrual date is confirmed by the exhibit attached to the Complaint showing that Plaintiff was on notice as of April 24, 2013 that Local 802 did not have the recording contracts. *See* Compl. Ex. 10. Since Plaintiff brought this action on April 1, 2014, her claims for breach of duty of fair representation are untimely and are dismissed with prejudice.

## IV.    October 21 Letter

Plaintiff's October 21, 2015 letter seeks an order compelling pre-suit production of a subset of the recording contracts and leave to file an amended complaint to add additional claims

6

and parties. Dkt. 33. For the reasons described in Section II above, the Court denies the modified motion for pre-suit discovery. As the R&R notes, to the extent Plaintiff complains about the level of her pension payments, that claim would presumably arise under the Employee Retirement Income Securities Act, 29 U.S.C. § 1132(a)(1)(B), and requires exhaustion of administrative remedies under the applicable pension plan. *See* R&R at 36 n.11.

The Court also denies the motion for leave to amend. Claims against these Defendants are barred by the six-month statute of limitations, so amendment of the complaint as to these Defendants would be futile. *See Heller v. Consolidated Rail Corp.*, 331 Fed. App'x 666, 769 (2d Cir. 2009) ("[A] district court need not grant leave to amend if it can rule out any possibility, however unlikely it might be, that an amended complaint would succeed."). To the extent Plaintiff has valid claims against other individuals, those claims can be brought in separate actions.

## CONCLUSION

The Court adopts the R&R in full. Plaintiff's petition for pre-suit discovery is DENIED. Defendant's motion to dismiss is GRANTED with prejudice. Plaintiff's motion to amend is DENIED. The Clerk of Court is directed to enter judgment in favor of Defendants, terminate the motion at Docket 18, and terminate 14 cv 2598.

Dated: New York, New York
      November 18, 2015

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge

7